INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 60, Appellant,

v.

Harold S. CHAMBERLIN, Appellee.

No. 13652.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 14, 1960.

Murray & Murray, San Antonio, for appellant.

Forrest A. Bennett, Dan C. Crow, San Antonio, for appellee.

POPE, Justice.

Harold S. Chamberlin, plaintiff, sued International Brotherhood of Electrical Workers, Local Union No. 60, to recover benefits from the Union's welfare fund. The trial court gave plaintiff a judgment for $900. The question is whether plaintiff timely paid his dues under the pertinent union by-laws. To determine this we must construe the meaning of the by-laws.

The by-laws provided: "Dues are payable monthly in advance and must be paid on or before the 10th day of the current month in order to qualify for sick benefits as provided for in Article XV stated in these By-Laws." Article XV provided: "To be eligible for sick benefits as provided in this article, a member must have his dues paid for the current month and must notify the Executive Board within one week from the beginning of such sickness or disability. * * * Any member ineligible to receive the benefits provided in this article because of being in arrears with his dues and who becomes sick or disabled, shall not become eligible for such benefits by payment of arrearages during the period of sickness or disability." Plaintiff paid his dues for the month of September on September 5, 1956. On October 10, 1956, in the course of his employment as an electrical worker, Chamberlin suffered injuries which required his hospitalization. He was unconscious until the next day. Plaintiff did not again pay his monthly dues until October 17. The parties agreed that plaintiff, if entitled to recover at all, was entitled to recover $900.

In our opinion, the by-laws reasonably contemplated that dues were payable on or before the tenth day of each month. This means that the dues which were paid by

the tenth of the month then extended until the tenth day of the following month. Dues paid on or before September 10 qualified the paying member for sick benefits to and including October 10, within which time plaintiff was disabled. To hold otherwise would mean that the union member would be denied benefits from the first of the month until he pays his dues, though the by-laws contemplate that he should have continuous coverage by paying his dues before the tenth of each month.

The judgment is affirmed.